IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00007-CV

 

In
the Interest of K.B.C., a Child

 

 

 



From the 170th District
Court

McLennan County, Texas

Trial Court No. 2008-1731-4

 



MEMORANDUM  Opinion



 

Ashley, K.B.C.’s mother, filed a
petition to terminate the parental rights of K.B.C.’s father, John, alleging
that termination of his parental rights would be in the child’s best interest
and that he knowingly engaged in criminal conduct that resulted in (i) his
conviction of an offense and (ii) confinement or imprisonment and inability to
care for the child for not less than two years from the date of filing the
petition.  See Tex. Fam. Code
Ann. § 161.001(1)(Q) & (2) (Vernon 2009).  Ashley also requested
that the court grant K.B.C. a name change so that K.B.C. and Ashley would have
the same last name.  At a hearing at which John did not appear, the trial court
granted the name change for K.B.C.  After a subsequent termination hearing, the
court terminated John’s parental rights.  John, who has been appearing pro se
throughout these proceedings, appeals the trial court’s termination order.  We
will reverse the trial court’s termination order.

The natural right that exists between
parents and their children is one of constitutional dimension.  In re
J.W.T., 872 S.W.2d 189, 194-95 (Tex. 1994).  A parent’s right to “the
companionship, care, custody and management” of his or her children is a
constitutional interest “far more precious than any property right.”  Santosky
v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599
(1982) (quoting Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208,
1212, 31 L.Ed.2d 551 (1972)).  Therefore, in a case terminating parental
rights, the proceedings are strictly scrutinized, and the involuntary
termination statutes are strictly construed in favor of the parent.  Holick
v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).

Termination of parental rights is a
drastic remedy and is of such weight and gravity that due process requires the
petitioner to justify termination by “clear and convincing evidence.”  Spangler
v. Texas Dept. of Prot. & Reg. Servs., 962 S.W.2d 253, 256 (Tex.
App.—Waco 1998, no pet.).  This standard is defined as “that measure or degree
of proof which will produce in the mind of the trier of fact a firm belief or conviction
as to the truth of the allegations sought to be established.”  Id.  In a proceeding to terminate the parent-child relationship brought under
section 161.001 of the Texas Family Code, the movant must establish by clear
and convincing evidence two elements:  (1) one or more acts or omissions
enumerated under subsection (1) of section 161.001; and (2) that termination is
in the best interest of the child.  Tex.
Fam. Code Ann. § 161.001; Swate v. Swate, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied).  The factfinder must find that both elements are
established by clear and convincing evidence, and proof of one element does not
relieve the petitioner of the burden of proving the other.  Holley v. Adams,
544 S.W.2d 367, 370 (Tex. 1976); Swate, 72 S.W.3d at 766.

In his first and third issues, John
contends that the evidence is legally and factually insufficient to support
termination of his parental rights.  

In a legal sufficiency review, a court
should look at all the evidence in the light most favorable to the finding to
determine whether a reasonable trier of fact could have formed a firm belief or
conviction that its finding was true.  To give appropriate deference to the
factfinder’s conclusions and the role of a court conducting a legal sufficiency
review, looking at the evidence in the light most favorable to the judgment
means that a reviewing court must assume that the factfinder resolved disputed
facts in favor of its finding if a reasonable factfinder could do so.  A
corollary to this requirement is that a court should disregard all evidence
that a reasonable factfinder could have disbelieved or found to have been
incredible.

 

In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).

            Subsection 161.001(1)(Q)
warrants termination of parental rights when a parent knowingly engaged in
criminal conduct, resulting in the parent’s conviction of an offense, and the
parent is both incarcerated and unable to care for the child for at least two
years from the date the termination petition was filed.  Tex. Fam. Code Ann. § 161.001(1)(Q). 
Incarceration and a parent’s inability to care are separate requirements for
termination of parental rights under subsection 161.001(1)(Q)(ii).  See In
re E.S.S., 131 S.W.3d 632, 639 (Tex. App.—Fort Worth 2004, no pet.); In
re B.M.R., 84 S.W.3d 814, 818 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  In In re A.V., 113 S.W.3d 355, 360 (Tex. 2003), the supreme
court held that subsection Q’s time period applies prospectively and stated,
“Thus, if the parent is convicted and sentenced to serve at least two years and
will be unable to provide for his or her child during that time, the State may
use subsection Q to ensure that the child will not be neglected.”

            A two-year prison sentence
does not automatically meet subsection Q’s two-year imprisonment requirement,
however.  In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006).  In some cases,
neither the length of the sentence nor the projected release date is
dispositive of when the parent will in fact be released from prison.  Id.  A parent sentenced to more than two years might well be paroled within
two years.  Id. at 108-09.  Thus, evidence of the availability of
parole is relevant to determine whether the parent will be released within two
years.  Id. at 109.  However, mere introduction of parole-related
evidence does not prevent a fact-finder from forming a firm conviction or
belief that the parent will remain incarcerated for at least two years.  Id.  Parole decisions are inherently speculative, and while all inmates
doubtless hope for early release and can take positive steps to improve their
odds, the decision rests entirely with the parole board.  Id.

To support termination under subsection
Q, Ashley must thus prove that John’s criminal conviction would result in
confinement for at least two years from the date the petition was filed.  See
Tex. Fam. Code Ann. §
161.001(1)(Q).  Ashley filed her original termination petition on May 6, 2008,
and amended the petition on July 3, 2008.  Under subsection Q, “two years from
the date of filing the petition” would be May 6, 2010.

The final termination hearing in this
case was held on November 21, 2008.  John appeared via teleconference.  During
the hearing, Ashley testified that John was currently incarcerated and that he
had been incarcerated numerous times.  On cross-examination, John testified
that he had been arrested for theft in 1996, terroristic threat in 1997,
burglary of a habitation in 1999, evading arrest in 2001, evading arrest and
injury to a person with a motor vehicle in 2003, and failure to stop and render
aid in 2003.  John stated that failure to stop and render aid was “what I got
my time for.”  He testified that he is up for parole every year and “see[s]
parole in February [of 2009] now.”  He stated that he had gone through some problems
when he was first incarcerated, but he had since been “trying to get it
together.”  He stated that he is involved with a lot of programs, getting a lot
of help, and knows he is now a different person.

No evidence was presented regarding the
length of John’s sentence or his projected release date.  Furthermore, although
it is clear that John was incarcerated at the time of the termination hearing,
it is not clear from the record of the hearing whether he was continuously
confined or imprisoned from the date the petition was filed until the date of
the termination hearing.

For these reasons, we hold that the
evidence was legally insufficient for a reasonable factfinder to form a “firm
belief or conviction” that John’s criminal conviction would result in
confinement for at least two years from the date the petition was filed, and we
sustain this issue.  We further hold that the trial court erred in terminating
John’s parental rights under subsection 161.001(1)(Q).  We need not address
John’s other issues.  See Tex. R.
App. P. 47.1.

We reverse the trial court’s termination
of John’s parental rights.  In the interest of justice, we remand the cause for
another trial.  See Tex. R. App.
P. 43.3(b).

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray dissents.  A
separate opinion will not issue.  He notes, however, the principle problem with
the majority’s analysis is the refusal to accept reasonable inferences from the
evidence presented and the requirement of direct evidence to rise to the level
of clear and convincing evidence.  Reasonable inferences from the evidence
presented can rise, as they do in this case, to meet the requirement of clear
and convincing evidence.  I respectfully dissent.  Further, the court has
failed to address the issue regarding the name change which does not appear to
be in any way impacted by the new trial.)

Reversed
and remanded

Opinion
delivered and filed September 30, 2009

[CV06]